## KIDDER *v.* PRESCOTT.

Writs issued by justices of the peace are required by the statute to be signed by them.

Where a writ was issued in the name of a justice of the peace, and the name of the justice was signed by the attorney of the plaintiff, with the consent of the justice, derived from a special authority to sign the writ, and a general permission to sign writs in his name, but the justice was not present when the writ was signed, it was *held*, that the signing was insufficient.

THIS was a proceeding under the landlord and tenant act, to procure the possession of certain premises in the town of Bristol. The pleadings before the magistrate raised the question of title, and the action was entered in the court of common pleas, under the provisions of the statute in such cases. At the time of the entry of the action in the court of common pleas, a motion was made to dismiss and quash the proceedings, on the ground that the original writ of summons, purporting to be signed by the magistrate, was not, in fact, signed by him, but by the plaintiff's attorney. The motion was based upon the certificate of the magistrate, made upon the copy of the writ which came up with the papers. The certificate is in these words: " My name upon the original writ was not signed by me, but by the plaintiff's attorney, with my consent, under a general permission to sign my name to writs.

" Signed, Samuel C. Brown," and sworn to.

It appeared, however, that in addition to the general power, as stated in said certificate, the plaintiff's attorney was specially authorized to sign this writ; but the justice was not present when it was signed.

The questions arising upon the foregoing statements of facts were reserved for the decision of this court.

*N. B. Bryant*, and *Quincy*, for the plaintiff.

The plaintiff contends that the signing of a blank writ by the justice is a ministerial and not a judicial act. It does not require the exercise of discretion or judgment, and may be done by a clerk. *People* v. *Smith*, 20 Johns. Rep. 62.

A justice of the peace may delegate his authority to issue execution after judgment rendered, and the power need not be in writing. 3 Ala. Rep. 131.

In making up and completing his records, a justice acts ministerially, and consequently may make it up after his term of office expires. 2 Fairf. Rep. 377.

The statute prescribes that writs issued by a justice of the peace shall be signed by him. Rev. Stat., chap. 182, § 4.

If, then, his name is put to the precept by his consent or direction, the writ is to all intents signed by him.

Suppose his hand is injured, or any other disability exists which renders him for the time being unable to write; if he cannot authorize any one to affix his signature, he is deprived of exercising the duties of his office, although he may be in the full possession of his mental faculties.

The universal practice of the bar is in favor of the practice in this case, and a judgment in favor of the defendant on this point, would open the way for a vast amount of litigation, and would render null and void a great many judgments now in force.

*Tenney*, and *Nesmith* and *Pike*, for the defendants.

Writs issued by justices of the peace, or returnable before them, must be signed by them. Rev. Stat., chap. 182, §§ 4 and 5.

The clerk is required to sign all writs and processes issuing from his office. Rev. Stat., chap. 182, § 2.

The provision in relation to this duty of the clerk is the same as that relating to justices of the peace; and the one has as much authority as the other, and no more, to commission any attorney to sign writs.

Section 5th, before cited, requires, first, that the writs issued by the justice shall be made returnable before him, stating the time and place; and second, that the writ shall be signed by him.

These two requirements are positive and unqualified, while in other respects the writ need only be substantially in the form prescribed by law.

The authority of a justice of the peace in this particular is a judicial authority, and cannot be delegated, and were it not judicial, it could not be delegated in such a way as the case finds.

It is a general rule that when one has a bare authority or power from another to do an act, he must execute it himself, and cannot delegate it to another. Story on Agency, § 13; Bacon's Abr., Authority, D.

The reason is much more obvious why judicial authority, or even ministerial authority, should not be delegated.

If the justice can confer general authority on another to sign writs, he can to sign executions, or any other precepts which he may have power to issue.

Woods, J. The statute requires that writs issued by justices of the peace shall be signed by them. Rev. Stat., chap. 182, § 5. Was the writ in the present case signed by the justice, as required by the statute? His name was affixed to the writ by an individual who had been directed by the magistrate, and authorized, as far as he could be, to sign the writ in his behalf, in his absence. The act of signing a writ by the magistrate is made an official act. The writ " shall be signed by him." Can a magistrate delegate this branch of his authority, and cause this part of his duty to be performed by another? We think not. It is the officer, the justice of the peace, who is authorized and required to sign the writ. When the law confers upon an individual an authority to do an act, as when an individual confers upon another a similar authority, in general, the power cannot be delegated to others. Such is the uniform rule where the exercise of the power involves the exercise of any discretion. *Gillis* v. *Bailey*, 1 Foster's Rep. 149, and cases there cited. It is made one of the requisites of a writ, among others, as we have seen, that it should be signed by the magistrate who issues it, and this formality, being prescribed by statute, is a part of the law of the land, and cannot be dispensed with. *Sumner* v. *Steward*, 2 N. H. Rep. 39.

An alleged practice, in conformity with the course pursued in

signing the writ which is the subject of consideration, is urged upon the consideration of the court in support of the propriety and legality of it.　But even if a uniform or general practice of that kind might justify the act in the present case, we find no such practice either general or uniform.　Upon inquiry, we find that the practice has prevailed to some extent in certain sections of the State, while in other parts it is wholly unknown.　Upon such a state of practice, it is quite clear that no rule of law can be regarded as established, which is inconsistent with the express provisions of the statute, or their fair and legal construction.

The case of *The People* v. *Smith*, 20 Johns. Rep. 62, is cited by counsel as going to show that the magistrate may delegate his authority to another to act in a case like the present.　Smith, in that case, was indicted for a violation of the fourth section of the act of April 7th, 1820, (N. Y. Statutes,) which enacts, " that it shall not be lawful for any justice of the peace to issue or deliver to any constable, or to any other person, any blank summons, warrant, or other process, signed by such justice, in which the names of the plaintiff and defendant, and the cause of action, or either of them, shall be omitted," &c.　The court, in that case say, " the evidence, as detailed to us, does not contradict the supposition that Torrey filled up the summons in the presence of the justice, and if so, there was no violation of the statute.　The only question in the case turns on the fact, whether the justice delivered the summons signed by him in blank, and to be filled up by Torrey out of the presence and beyond the control of the justice, or whether Torrey filled it up as the mere clerk of the justice.　The former would be a violation of the statute, but the latter not so.　The decision in that case, is to the effect that the insertion of the names of the parties and the cause of action is an act required to be done by the magistrate, and that if it shall be done by another in his presence, the statute will be complied with ; but if done by his direction, out of his presence, and beyond his control, the duty will not be well performed, and the statute will be violated.　The writ in the pres-

ent case was signed by the direction of the justice, but it was not done in his presence, nor within his control. We think that decision is an authority in favor of the defendant's rather than the plaintiff's view of the present case.

Moreover, that decision recognizes a well settled principle, that an act done by one, in the presence and under the control of another, for that other, is regarded, not as the exercise of a delegated authority, but as the personal act of the party in whose behalf it was performed.

If the signature of· the obligor's name is made upon a deed or obligation, by a stranger, in his presence and at his request, it is a sufficient signing. 2 Greenl. Ev. § 295 ; *Rex* v. *Longnor*, 1 Nev. & Man. 576.

This view of the case would seem to obviate the difficulty apprehended by the plaintiff, and to disarm the plaintiff's argument of all its force, that, upon the defendant's view of the question, mere temporary disability of the justice to write his name, resulting from an accidental injury to his hand, would deprive him of all power to discharge the duties ·of a magistrate, although in every other respect he might be in full possession of his faculties.

The opinion of the court is, that the writ issued in this case was not signed by the justice as the same is required to be, and the motion of the defendant must be granted.

*Writ quashed.*